UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **Ramiro PEREZ,** <br><br> Defendant | Magistrate Docket No. **'07 MJ 2752** <br><br> COMPLAINT FOR VIOLATION OF: <br><br> Title 8, U.S.C., Section 1326 <br> Deported Alien Found in the <br> United States |

The undersigned complainant, being duly sworn, states:

On or about **November 25, 2007** within the Southern District of California, defendant, **Ramiro PEREZ**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Richard Otero
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 27th DAY OF **NOVEMBER, 2007**

Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Ramiro PEREZ

PROBABLE CAUSE STATEMENT

On Sunday, November 25, 2007 Senior Border Patrol Agent E. Leyva was working linewatch duties in the Imperial Beach Border Patrol Station's area of operations. At approximately 3:00 p.m. Agent leyva observed four individuals walking north on the beach from the U.S./Mexico international border fence located in an area known as "Whiskey 15". "Whiskey 15" is located approximately 5 miles west of the San Ysidro, California, Port of Entry and fifty yards north of the U.S./Mexico International boundary. This area is notorious for illegal aliens attempting to make their way north after crossing through the border fence bars on the beach. Agent Leyva then observed the group as they made their way north on the beach for approximately one quarter mile.

Agent leyva approached the four individuals in his marked Bureau vehicle, he identified himself as a Border Patrol Agent, and questioned them regarding their citizenship and immigration status. The first individual, who was later identified as the defendant **Ramiro PEREZ**, stated that he was a citizen of the United States born in Corona, California. The defendant then produced a California identification card. The Agent then questioned the female in the English language as to her citizenship. The female, did not appear to understand the Agent's question and put her head down and looked away. The defendant immediately responded for her and stated that she was also a United States citizen. The defendant repeatedly instructed the female "Tell him you are a U.S. Citizen". Agent Leyva again questioned the female in the Spanish language as to her citizenship and nationality. She then admitted that she and the two juvenile children were citizens and nationals of Mexico without immigration documents to allow them to be in the United States legally.

Upon further questioning the defendant recanted and stated that he was born in Jalisco, Mexico but that he had dual citizenship in Mexico and in the United States. Agent Leyva ran records checks on the defendant which revealed that he had previously been arrested and deported to Mexico. They then admitted that they had just illegally entered the United States by going through a gap in the international border fence. At approximately 3:15 p.m. Agent leyva arrested the four individuals and had them transported to the Imperial Beach Station for further processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **August 10, 2006** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.